## Helton et al. v. Cumberland Const. Co.

May 9, 1944

Logan E. Patterson for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The Cumberland Construction Company entered into a contract with the Kentucky Department of Highways to construct a highway along Straight creek in Bell county. The right of way over which the proposed highway was to be constructed passes through land owned by Jackie Helton and Margie Knuckles, his sister, who brought this action against the construction company to enjoin it from entering upon their land or from constructing a road at any place thereon except over the right of way theretofore granted by their predecessor in title, Berry Howard, to Taylor & Crate Company, a West Virginia corporation. A temporary restraining order was issued and later a temporary injunction was granted. On final submission of the case the court dissolved the temporary injunction and dismissed plaintiffs' petition.

Prior to 1921 Berry Howard owned a large body of land in Bell county, including the tract now owned by, appellants. In 1921 he conveyed several thousand acres of land to Taylor & Crate Company, a corporation engaged in the timber business, and in the same deed conveyed to Taylor & Crate Company a right of way for railroads, tram roads, wagon or other roads over the land retained by him and now owned by appellants. The deed conveyed "a free and perpetual right of way to second party, its successors and assigns, in and over a strip or parcel of land sixty (60) feet in width from the point on Straight Creek where the lands of Newton Elliott and Berry Howard join up along the north side of Straight Creek, to the mouth of Stony Fork and thence up Stony Fork in and over a strip or parcel of land one hundred (100) feet in width, so far as first parties' land extends up Stony Fork; together with the right to second party, its successors and assigns, to locate said right of way at any time hereafter upon lands now owned by first parties, hereby intending to convey to second party a right of way easement over all lands now owned by first parties along Straight Creek, and Stony Fork of Straight Creek; together with the prior and exclusive right to locate the same." The deed also provided: "And said right of way is hereby conveyed to second party, its successors, and assigns, with covenant of General Warranty, and with the right and option of a deed of the land upon which said right of way may be located." In a stipulation filed by the parties in this action it is stated:

"The conveyance of the right-of-way mentioned in the preceding paragraph hereof (4), was a conveyance appurtenant to the conveyance of other lands, and was intended to furnish a means of ingress and egress, in perpetuity, to such other lands."

Berry Howard died testate in 1924. In his will he devised the land here involved to his wife, Sallie Howard. In 1925 an engineer employed by Taylor & Crate went upon the land and located and staked the center line of the right of way conveyed in the Berry Howard deed. On January 25, 1930, the Taylor & Crate Company served notice on Sallie Howard that it had selected and located the right of way granted in 1921, and demanded a deed thereto. A description of the right of way to which a deed was demanded was set

out in the notice. No deed was executed. By mesne conveyances the right of way passed to the Commonwealth of Kentucky for the use and benefit of the Department of Highways, and appellants became the owners of the land subject to the dominant estate. In 1942 the Kentucky Department of Highways went upon the land and surveyed and staked out a right of way which deviated slightly from the right of way located by the Taylor & Crate Company in 1925. After the service of the notice in January, 1930, on Sallie Howard, then owner of the servient estate and her failure to execute the deed demanded, no action in the matter was taken by the Taylor & Crate Company or its successors in title until the Department of Highway made the survey in 1942. Maps were filed showing the respective locations of the two rights of way; that is, the one surveyed by the engineer employed by the Taylor & Crate Company and the one selected by the Department of Highways. Appellants claim no interest in the right of way selected by the Taylor & Crate Company, and they concede that its present owner has the right to construct a road thereon but they contend that, the Taylor & Crate Company having selected and located a right of way, the power granted in the Berry Howard deed was exhausted and its successors and assigns are bound by the selection and location made by virtue of the survey of 1925 and the notice served on Sallie Howard in January, 1930. Their objection to the location made by the present owner of the right of way is that it takes more of their tillable land than does the 1925 survey. South of the right of way is bottom land and to the north is a hill or mountainside. All of the witnesses for appellee testified that the right of way selected by the Department of Highways takes much less of the bottom land than does the 1925 survey, and their testimony is supported by the maps filed with the record. But, that is beside the point if, as contended by appellants, the power to select and locate the right of way had been exhausted before the Commonwealth acquired its title. Clearly there was no final selection and location of the right of way by the Taylor & Crate Company such as to exhaust the power granted in the Berry Howard deed. That deed contemplated a conveyance of the specific right of way selected when the selection had been made by the grantee. Sallie Howard, the owner of the land, refused or, at least, failed to execute a deed

when it was demanded, and the situation was as though no survey or demand had been made. Aside from the provision in the Howard deed giving to the grantees therein the right to a conveyance of the specific land selected by it or its assigns as the right of way referred to, we think a mere survey of a strip of land unaccompanied by a use of it does not constitute an execution of the power to select and locate. It may be that a survey accompanied by notice to the owner of the land that the strip surveyed had been selected as the granted right of way would constitute an execution of the power where the owner of the land acts on the notice and his situation has been altered so that his rights would be prejudiced if a different selection and location were made, but no such facts appear in the present case.

The judgment is affirmed.